Michael E. Piston
Piston & Carpenter P.C.
Attorneys for the Plaintiff
225 Broadway Ste 307
New York, NY 10007
Phone 646-845-9895
Fax 206-770-6350

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RASHPAL KUMAR,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br><br>Defendant. | Case No.: 1:16-cv-03609-CBA-PK<br><br>PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT |

1

## INTRODUCTION AND SUMMARY

This is plaintiff's cross-motion for summary judgment brought on his First Amended Complaint filed today in this against the defendant, United States Citizenship and Immigration Services (USCIS), seeking judicial review of the USCIS's decision in File EAC0204153165, purporting to automatically revoke Mr. Kumar's Form I-130, Petition for Alien Relative, upon behalf of his brother, Paramjit Singh, on the grounds that Mr. Kumar filed a withdrawal of his petition with the U.S. Embassy in New Delhi, despite the fact that USCIS regulations only authorize automatic revocation on the grounds of withdrawal of a petition when the withdrawal is filed with an "officer of the Service who is authorized to grant or deny petitions.". 8 C.F.R. § 205.1(a)(3)(i)(A). Given that this petition was not subject to the automatic revocation provision of 8 C.F.R. § 205.1, therefore the USCIS failed to comply with its own regulations at 8 C.F.R. § 205.2(b) which provides in relevant part that "Notice of intent. Revocation of the approval of a petition or self-petition under paragraph (a) of this section will be made only on notice to the petitioner or self-petitioner. The petitioner or self-petitioner must be given the opportunity to offer evidence in support of the petition or self-petition and in opposition to the grounds alleged for revocation of the approval."

The USCIS also failed to comply with 8 C.F.R. § 205.1(b) inasmuch as it failed to cause a copy of the notice of the revocation of Mr. Kumar's petition to be mailed to him at his last known address. Therefore inasmuch as the USCIS's decision was not in accordance with three (3) provisions of law plaintiff's motion for summary judgment should be granted and the USCIS's decision should be held unlawful and set aside.  5 U.S.C. § 706(2).

## DESCRIPTION OF THE PARTIES

Plaintiff Rashpal Kumar is a citizen of the United States who lived in Queens County New York at the time he filed his petition upon behalf of his brother, and currently resides in Indiana. The United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of Forms I-130, Petition for Alien Relative, filed by U.S. citizens and aliens lawfully admitted for permanent residence to qualify certain of their relatives for immigration to the United States. It is based in the District of Columbia.

## JURISDICTION

This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

Although the government cited *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) in its letter to the Court of October 19, 2016, as authority for its claim that that 8 U.S.C. § 1252 (a)(2)(B)(ii) strips courts of the subject matter jurisdiction to review discretionary decisions or actions, it fails to mention that the actual holding of *Mantena* on this subject was that "section 1252 does not strip jurisdiction over procedural challenges." *Id.* Here Mr. Kumar's complaint is that the USCIS failed to comply with its own procedural requirement that a written withdrawal be filed by a visa petitioner with a designated USCIS officer before the petition is automatically revoked, that it provide him with notice and an opportunity to be heard before revoking his petition, and that it notify him of that revocation at his last known address. Nevertheless, the government argues that respondent's motion "should be dismissed because the procedural rule at issue is designed to benefit the agency in carrying out its function of efficient petition processing, and is not intended to provide a procedural safeguard to Plaintiff." However 8 C.F.R. § 205.1(a)(3)(C)(i) certainly does contain procedural safeguards for visa petitioners (and their beneficiaries), such as that the withdrawal be in writing and that it be filed with one of a limited number of USCIS officers, both of which serve the function of

4

protecting visa petitioners (and, again, their beneficiaries) from too hasty withdrawal of petitions, as are all too frequent in family based cases.

In any event, this regulation is merely one of a number of narrowly circumscribed exceptions to the general rule of 8 C.F.R. § 205.2(b), which provides that: "(r)evocation of the approval of a petition or self-petition under paragraph (a) of this section will be made only on notice to the petitioner or self-petitioner. The petitioner or self-petitioner must be given the opportunity to offer evidence in support of the petition or self-petition and in opposition to the grounds alleged for revocation of the approval."

8 C.F.R. § 205.2(b) is certainly intended to provide a procedural safeguard to visa petitioners, and it is the gravamen of Mr. Kumar's complaint that the USCIS failed to follow it only through a mistaken belief that § 205.1(a)(3)(C)(i) applied here, despite the fact that Mr. Kumar did not file his withdrawal request even with the USCIS itself, much less with an officer authorized to approve visa petitions. Furthermore, because there was no basis for automatic revocation here, Mr. Kumar has been deprived of his procedural right to notice and an opportunity to respond before his petition upon behalf of his brother was revoked. ""Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Montilla v. INS*, 926 F.2d 162, 167 (2d Cir. 1991), quoting *Morton v.*

*Ruiz*, 415 U.S. 199, 235 (1974). Since the agency did not follow those procedures here, the Court has jurisdiction over this complaint.

## STANDING

Rashpal Kumar has standing as the petitioner of the instant petition. *Bangura v. Hansen*, 434 F.3d 487, 499 (6th Cir. 2006).

## VENUE

This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(B) in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, to wit, the preparation and service upon the USCIS of Mr. Kumar's petition upon behalf of Mr. Singh, as well as containing the erroneous location to which the USCIS addressed the notice of the automatic revocation of Mr. Kumar's petition.

## BRIEF NARRATIVE OF PERTINENT FACTS

Sometime prior to October 18, 2001, Rashpul Kumar, while residing in Queens New York, prepared a petition to classify Paramjit Singh as the brother of a United States citizen under 8 U.S.C. § 1153(a)(4), and then caused that petition to be properly filed with the USCIS.[1] This petition was approved by the USCIS on March 16, 2010, and the notice of approval of the

---

[1] All of the facts asserted in this "Brief Narrative of Pertinent Facts" are consistent with Plaintiff's Statement of Undisputed Facts.

6

same was sent to Mr. Kumar at his address in Queens, New York.  Sometime on or about January 6, 2014, Mr. Kumar signed a letter addressed to the Immigrant Visa Branch of the U.S. Embassy in New Delhi, India, requesting that Mr. Kumar's petition upon behalf of Mr. Singh be withdrawn.  This letter notified any reader of it that Mr. Kumar's current address was "2126 elderberry way Indianapolis, IN 46229". At no time did Mr. Kumar, or anyone acting upon his behalf file a request that his petition be withdrawn with an officer of the Service who is authorized to grant or deny petitions.

On June 13, 2014, the USCIS issued two identical decisions in which it purported to automatically revoke Mr. Kumar's petition because "the petitioner has requested withdrawal of that petition." This decision did not claim that Mr. Kumar filed a written notice of withdrawal with any officer of the Service who is authorized to grant or deny petitions. The Immigrant Visa Branch of the American Embassy, New Delhi, India, is not an officer of the Service who is authorized to grant or deny petitions.  In fact, it is not a part of the USCIS or even the Department of Homeland Security, but an entirely different department, the Department of State.

One of these decision was addressed to :

Rashpal Kumar
141-72 85th Rd. Apt #2B
Jamaica, NY 11435

and one to:

7

Rashpal Kumar
c/o Kuldip Singh Kasuri
3705 74th St.
Jackson Heights, NY 11372

No copy of this decision was ever served upon Rashpal Kumar at his last address known to the USCIS. Further, Kuldip Kasuri denies that any copy was ever served upon him. The administrative record in this matter contains no evidence of the decision ever being actually served on anyone. Furthermore, notice of the intended revocation of the approval of the petition was not given to Mr. Kumar, nor was he given the opportunity to offer evidence in support of the petition or self-petition and in opposition to the grounds alleged for revocation of the approval.

## ARGUMENT

I. THE REVOCATION OF THE MR. KUMAR'S PETITION UPON BEHALF OF MR. SINGH WAS NOT IN ACCORDANCE WITH LAW

Under the Administrative Procedure Act (APA), the courts will hold unlawful and set aside agency decisions which are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2). The USCIS's decision revoking Mr. Kumar's petition upon behalf of Mr. Singh was not in accordance with law in that although it purported to be based upon 8 C.F.R. § 205.1(a)(3)(i)(A), neither this section, nor any other provision of law, provides for the automatic revocation of petition except "upon written notice of withdrawal filed by the petitioner or self-petitioner with any officer of the Service who is authorized to grant or deny petitions"

8

and the administrative record of the relevant proceeding shows that no such notice was filed by Mr. Kumar with any such officer. The decision was also not in accordance with law in that, contrary to 8 C.F.R. § 205.2(b), the USCIS failed to provide Mr. Kumar with notice of intent to revoke his petition, nor did it give him the opportunity to offer evidence in support of the petition and in opposition to the grounds alleged for revocation of the approval. The decision was also not in accordance with law in that, contrary to 8 C.F.R. § 205.1(b) it was not served upon Mr. Kumar's last known address.

II. THE USCIS IS JUDICIAL ESTOPPED FROM DENYING ITS LONG STANDING POSITION UPON WHICH IT HAS REPREATEDLY PREVAILED IN BOTH JUDICIAL AND ADMINISTRATIVE PROCEEDINGS, THAT A DOCUMENT IS ONLY PROPERLY FILED BY A PETITIONER WHEN IT IS FILED BY IT AT THE LOCATION DESIGNATED FOR SUCH FILINGS BY USCIS

8 C.F.R. § 103.2(a)(7)(i) provides that "USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format." The USCIS successfully prevailed upon the court that in accordance with this regulation it properly rejected an petition for nonimmigrant worker, Form I-129, where it was filed with a USCIS service center different from the one specified in the form's instructions. *Amcor Rigid Plastics USA, Inc. v. U.S. Citizenship and Immigration Services*, No. 14-cv-12699, 2014 WL 6686778 (E.D.

9

Mich. November 26, 2014).

Further, the USCIS has repeatedly rejected documents filed by petitioners to the wrong location, even when the requirement merely appears in form instructions, much less in a regulation. *See, e.g., In re Petitioner [redacted]*, 2013 Immig. Rptr. LEXIS 7527[2], (rejecting appeal to the AAO filed in the wrong location because "(u)nder the section titled, "Where to File," the Form I-290B instructions state: "Do not send your appeal or motion directly to the Administrative Appeals Office (AAO)." *IN RE: Petitioner:[redacted] Beneficiary*: [redacted] 2013 Immig. Rptr. LEXIS 2651, *3-*4[3] IN RE: Petitioner: [redacted] Beneficiary: [redacted], 2013 Immig. Rptr. LEXIS 7801, *3-4[4]. In fact there are at least 5 other decisions available on USCIS's website where the AAO has rejected appeals on the identical ground. See ttps://search.usa.gov/search?query=+%22Do+not+send+your+appeal+or+motion+directly+to+the+Administrative+Appeals+Office+%28AAO%29.%22+&utf8=%25E2%259C%2593&affiliate=uscis-aao&dc=1847.

---

[2] Retrievable from the USCIS's website at https://www.uscis.gov/sites/default/files/err/B7%20-%20Immigrant%20Petition%20by%20Alien%20Entrepreneur,%20Sec.%20203%28b%29%285%29%20of%20the%20INA/Decisions_Issued_in_2013/OCT072013_01B7203.pdf

[3] Retrievable from the USCIS's website at https://www.uscis.gov/sites/default/files/err/C1%20-%20Immigrant%20Religious%20Workers/Decisions_Issued_in_2013/APR022013_01C1101.pdf

[4] Retrievable from the USCIS's website at https://www.uscis.gov/sites/default/files/err/C1%20-%20Immigrant%20Religious%20Workers/Decisions_Issued_in_2013/OCT082013_02C1101.pdf.

"[W]here a party assumes a certain position in a [prior] legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, …" *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001), citing *Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895).

Here, the Defendant has repeatedly rejected applications and petitions filed with the USCIS itself, merely because it was not submitted to the exact location required by USCIS regulations, or even form instructions. Now, in a bizarre flip-flop, it seeks to treat as properly filed a withdrawal notice which was not only not filed in the location designated by the regulations, but wasn't even filed with the USCIS agency, or even the Department of Homeland Security itself!  However, judicial estoppel "forbids use of 'intentional-self-contradiction… as a means of obtaining an unfair advantage.'" *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001). Accordingly, the USCIS is judicially estopped from maintaining to benefit applicants and to the federal courts themselves that requests for actions received from the public can only be considered if filed in the exact (and frequently changing) locations specified in USCIS regulations and form instructions, and yet treating as properly filed applications not even filed with the correct department when it serves its cruel purpose of frustrating the reunification of families.

## CONCLUSION

This Court should hold that the USCIS's revocation of Rashpal Kumar's immigrant visa petition upon behalf of Paramjit Singh was unlawful and set it aside, and direct the USCIS to inform the National Visa Center and the U.S. Embassy in New Delhi that this petition continues to be valid.

Respectfully submitted this 5th day of January, 2017.


s/Michael E. Piston
Attorney for Plaintiff
Piston & Carpenter P.C.
225 Broadway Ste 307
New York, NY 10007
Ph: (646)845-9895
Fax: (206)770-6350
Email: michael@piston.net

To:

ROBERT L. CAPERS
United States Attorney
MATTHEW SILVERMAN
Assistant United States Attorney
*Counsel for USCIS*
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
matthew.silverman@usdoj.gov